# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3875 | **DATE** | 7/22/2011 |
| **CASE TITLE** | Justin Sparlin (#—06163) vs. LaSalle County Jail, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants plaintiff's motion for leave to file *in forma pauperis* [#3] and authorizes and orders the trust fund officer at Western Illinois Correctional Center to collect monthly payments from plaintiff's trust fund account in accordance with this order. The Clerk is directed to forward a copy of this order to Supervisor of inmate trust fund accounts at Western Illinois. The Clerk is directed to issue summonses for defendants LaSalle County, Templeton, Cullinan, Darif, Rick, Edgcomb, and Preci, and the United States Marshals Service is appointed to serve them. The Clerk shall send plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied, without prejudice to renewal.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

     Justin Sparlin, who is in state custody at Western Illinois Correctional Center, has filed a *pro se* lawsuit under 42 U.S.C. § 1983. Plaintiff claims that while he was a pre-trial detainee at the LaSalle County Jail from March 2008 to July 2009, he was subject to unconstitutional conditions of confinement and deliberate indifference to a serious medical condition. More specifically, plaintiff alleges that for the duration of his confinement at the LaSalle County Jail he was placed in isolation, which aggravated his mental health condition. He also alleges that he repeatedly requested psychiatric assistance, which he was denied.

     The Court has entered a separate order granting plaintiff's motion for leave to proceed *in forma pauperis*. The Court has reviewed the complaint as required by 28 U.S.C. § 1915A, and, accepting plaintiff's factual allegations as true, finds that he has stated a colorable claim for unconstitutional conditions of confinement against defendants Templeton, Darif, Rick, Edgcomb, and Preci. *See Bell v. Wolfish*, 441 U.S. 520 (1979) (a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law); *Sanders v. Sheahan*, 198 F.3d 626, 628 (7th Cir. 1999). Plaintiff has also stated a colorable claim against defendants Thomas Templeton and Stephen Cullinan for deliberate indifference to his serious mental health condition. *Sanville v. McCaughtry*, 266 F.2d 724, 734 (7th Cir. 2001).

     Plaintiff has stated an official capacity claim against LaSalle County because he alleges a custom and policy of having no procedures at LaSalle County Jail to assist mentally ill detainees. *See Estate of Novack v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000). LaSalle County also remains a defendant because "[A] county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer...[and] [b]ecause state law requires the county to pay, federal law deems it an indispensable party to the litigation." *Askew v. Sheriff of Cook County*, 568 F.3d 632, 636 (7th Cir. 2009)

     However, the LaSalle County Jail is not a suable entity, *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993) and is therefore dismissed as a defendant. Plaintiff has also sued the City of Ottawa, alleging that it has an obligation to ensure that the LaSalle County Jail "is operating in compliance with the laws and prevailing norms in detention practices." Compl., p. 5. The Jail is a LaSalle County facility. Consequently, the City of Ottawa has no authority or obligation concerning policies implemented in the jail. The City is dismissed as a defendant.

     The Court denies plaintiff's motion for appointment of counsel, without prejudice to later renewal. Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint, nor the evidence that might support plaintiff's claims are so complex or intricate that a trained attorney

## STATEMENT

appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after defendants respond to the complaint.